# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SIMMONS,<br><br>             Petitioner,<br><br>vs.<br><br>JAMES E. TILTON, Secretary,<br><br>             Respondent. | Civil No.      06-2373 JLS (PCL)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR HABEAS CORPUS** |

Ronald Simmons ("Simmons"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). He challenges his San Diego Superior Court conviction in case number SCD121940.  Respondent has filed a Motion to Dismiss [doc. no. 20].  After a thorough review of the Petition, Respondent's motion to dismiss, Petitioner's opposition and all supporting documents, this Court recommends that Respondent's motion to dismiss be **GRANTED**.

## PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS

On April 1, 2000, Petitioner filed in a Petition for Writ of Habeas Corpus in the United District Court for the Central District of California, Western Division, Case No. 02cv2679 GLT (FMO).[1]  In that petition, Simmons challenged his convictions in San Diego Superior Court Case

---

[1] At the time the petition was filed in the Central District of California, Western Division, Petitioner was confined at California Correctional Institution in Tehachapi, California, which is located in Kern County, and part of the Eastern District.  *See* 28 U.S.C. § 84(b).  Under 28 U.S.C. 2241(d), jurisdiction for purposes of 28 U.S.C. § 2254 exists in either the district in which the Petitioner is confined or in the district in which the Petitioner was convicted and sentenced.  28 U.S.C. § 2241(d).  Therefore, the Central District Court should have transferred the action to either the Southern District, where his conviction took place, or the Eastern District, where Petitioner was confined.  However,

1  No. SCD121940. In the Petition, Simmons argued that defense counsel was ineffective in failing
2  to cross examine witnesses on identification issues, and failing to object to a single photo show-
3  up and subsequent identifications. (*See* Resp't Lodgment No. 5, Pet. in 02cv2679 at 16-23, 24-
4  34.) On September 30, 2004, the Magistrate Judge assigned to the case issued a Report and
5  Recommendation, stating that the petition should be dismissed on the merits. (*See* Resp't
6  Lodgment No. 1.)  On November 8, 2004, the District Court adopted the Report and
7  Recommendation and ordered judgment be entered dismissing the action with prejudice. (*See*
8  Resp't Lodgment Nos. 3 & 4.)  Simmons did not appeal that determination. (*See* Central
9  District, Western Division Docket in Case No. 02cv2679 GLT (FMO)).

## **INSTANT PETITION BARRED BY GATEKEEPER PROVISION**

Simmons is now seeking to challenge the same state court convictions (case no. SCD21940) he challenged in his prior federal habeas petition. (*See* Pet. at 4.)  He also raises the same grounds for relief as he did in his petition before the Central District. (*See* Pet. at 2-3, 5.)  Unless Simmons shows he has obtained an order from the appropriate court of appeals authorizing the district court to consider a second or successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A).  Here, there is no indication the Ninth Circuit Court of Appeals has granted Simmons leave to file a successive petition.  Therefore his Petition must be dismissed. *Id.*

## **CONCLUSION AND RECOMMENDATION**

Because there is no indication Simmons has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court recommends the Court **GRANT** Respondent's Motion to Dismiss without prejudice to Simmons filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

---

"jurisdiction" in the context of 28 U.S.C. § 2241, does not refer to subject-matter jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 fn. 7 (2005). Rather, "jurisdiction" under section 2241(d) is more akin to personal jurisdiction or venue and "[o]bjections to the filing of petitions based on those grounds can be waived by the Government." *See id.* at 452 (Kennedy, J., concurring). Accordingly, because Respondent did not assert a defense of lack of personal jurisdiction or venue, it is waived. The Central District, therefore was not precluded from deciding the case on the merits. *See id.* at 451.

1       The Court submits this Report and Recommendation to United States District Judge Janis
2 L. Sammartino under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States
3 District Court for the Southern District of California. For the reasons outlined above, **IT IS**
4 **HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this
5 Report and Recommendation, and (2) directing that Judgment be entered dismissing the Petition.

6       **IT IS ORDERED** that no later than **February 8, 2008,** any party to this action may file
7 written objections with the Court and serve a copy on all parties. The document should be
8 captioned "Objections to Report and Recommendation."

9       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the
10 Court and served on all parties no later than **February 22, 2008**. The parties are advised that
11 failure to file objections within the specified time may waive the right to raise those objections
12 on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998);
13 *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

15 DATED: January 15, 2008

                Peter C. Lewis
                U.S. Magistrate Judge
                United States District Court